UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

COLLEEN MARIE HARDACRE,          )
                                 )
            Plaintiff,           )
                                 )  Civil Action No. 04-10554-
MLW                              )
        v.                       )
                                 )
FEDERAL BUREAU OF                )
INVESTIGATION, et al.,           )
                                 )
            Defendants.          )

<u>MEMORANDUM AND ORDER</u>

On For the reasons stated below, (1) plaintiff's motion
for temporary restraining order is denied; (2) plaintiff's
motion to seal file is denied; and (3) this action is
dismissed for lack of subject matter jurisdiction.

<u>BACKGROUND</u>

On March 16, 2004, plaintiff Colleen M. Hardacre filed an
Application to Proceed Without Prepayment of Fees (Docket No.
1); Motion for Appointment of Counsel (Docket No. 2); Motion
for Temporary Restraining Order (Docket No. 3); Motion to Seal
File (Docket No. 4); and a one hundred and twelve page
complaint accompanied by exhibits (Docket No. 5).

The next day, on March 17, 2004, plaintiff filed a one
hundred and thirty two page amended complaint (Docket No. 6)
accompanied by exhibits seeking "to replace pages 38-132 for
page 38 on (sic) of the complaint due to the FBI's disabling
[plaintiff's] printer ..." Amended Compl., p. 1. Because

plaintiff's "first complaint might seem somewhat confusing," plaintiff states that the purpose of the amended complaint "is to state the facts more clearly and in a more organized fashion." Id. at p. 2.

Plaintiff brings this action pursuant to the to the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2671. Id. at p. 3. Plaintiff complains that the defendants the Federal Bureau of Investigation and the United States Department of Justice have allegedly harassed plaintiff over the past nine (9) years. Id. at p. 2-3.

Plaintiff's amended complaint contains detailed allegations concerning (1) when the alleged harassment began [shortly after moving to Massachusetts in 1995 and requesting a "moving kit" from the post office] and (2) the nature of the harassment [causing plaintiff to suffer FBI agent induced medical conditions; stalking plaintiff; breaking plaintiff's home appliances; noise abuse in plaintiff's home]. Id. at p. 4, 38, exhibit list. Plaintiff lists forty-three types of damage she allegedly suffered as a direct consequence of "FBI agent orders." Id. at p. 113-124. She seeks, among other things, to have this Court enjoin the FBI from (1) the surveillance of plaintiff's home, (2) terminating plaintiff's fake employment, (3) breaking plaintiff's appliances; (4)

2

preventing a thorough medical evaluation of plaintiff; (5) harming plaintiff's body; (6) stealing money from plaintiff's accounts; (7) obstructing plaintiff's access to the District Attorney; (8) "harassment & threats, stalling with false deductions, etc., along with undoing 9/11."  Id. at p. 128-132.

<u>REVIEW</u>

Because plaintiff has moved to file without prepayment of fees, a summons has not issued in order to allow a preliminary review of plaintiff's complaint to see that it satisfies the requirements of the federal in forma pauperis statute, 28 U.S.C. § 1915.

Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

An in forma pauperis complaint may be dismissed sua sponte and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  Id.; Denton v.

3

Hernandez, 504 U.S. 25, 32-33 (1992).

DISCUSSION

I.    This Court Lacks Subject Matter Jurisdiction

The allegations in plaintiff's complaint and amended complaint are rambling and list a litany of alleged wrongs. Even construing plaintiff's complaint generously, Haines v. Kerner, 404 U.S. 519, 520 (1972), it is extremely difficult to discern a factual basis for plaintiff's claim.

Plaintiff brings this action pursuant to the Federal Tort Claims Act, however, a claimant suing the federal government must file an administrative claim with the appropriate agency prior to instituting suit in federal court.[1]  Only after the claim has been denied, or six months has passed, whichever is first, may the claimant bring suit in federal court.  See 28 U.S.C. § 2675(a).  Here, plaintiff fails to allege whether she complied with the requirements of the FTCA by filing a timely administrative claim.

---

[1]28 U.S.C. § 2401(b) provides: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

It is well-settled that an FTCA claim must be dismissed if a plaintiff fails to file a timely administrative claim. Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002) (citing United States v. Kubrick, 444 U.S. 111, 113 (1979). Compliance with this statutory requirement is a jurisdictional prerequisite to suit that cannot be waived. Id. (citing Coska v. United States, 114 F.3d 319, 323 n. 8 (1st Cir. 1997).

II.  The Motion For Temporary Restraining Order is Denied

Plaintiff's five-page Motion for Temporary Restraining Order seeks to have this Court enjoin the defendants from continuing the alleged wrongs enumerated in her complaint and amended complaint.

To obtain the extraordinary remedy of preliminary injunctive relief, plaintiff must show that: (1) he will suffer irreparable harm absent the injunction; (2) the injury outweighs the harm to the defendants if granted; (3) he is likely to succeed on the merits of the case, and (4) the injunction does not adversely affect the public interest. Planned Parenthood League of Mass. v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981); see Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop, 839 F. Supp. 68, 70 (D. Mass. 1993) (extending four part preliminary injunction test to temporary restraining orders).  Preliminary injunctions may not be

5

issued without notice to the adverse party.  <u>see</u> Fed. R. Civ.
P. 65(a)(1).  To warrant the more extraordinary relief of an
ex-parte temporary restraining order, plaintiff must
demonstrate that his injury of loss is "immediate and
irreparable."  Fed. R. Civ. P. 65(b).

Because plaintiff has not alleged sufficient facts
demonstrating a likelihood of success on the merits, her
motion is denied.

III.        <u>The Motion to file Under Seal is Denied</u>

In a document entitled "Motion to Seal File," plaintiff
seeks to have this entire action filed under seal "due to the
personal + national security nature of this complaint."

Under the Local Rules of this Court, a motion to file
under seal must be filed and ruled upon prior to the
submission of the actual material sought to be impounded.  <u>See</u>
District of Massachusetts Local Rule 7.2(d).  Moreover, a
blanket order allowing a party to file materials under seal
may not be entered.  <u>See</u> L.R. 7.2(e).  A motion for
impoundment must be presented each time a document or group of
documents is to be filed.  <u>Id.</u>  Local Rule 7.2 also sets forth
other requirements for a motion to seal or impound, none of
which have been met here.  <u>Id.</u>  Therefore, the Court will deny
plaintiff's motion to seal file.

<u>ORDERS</u>

Based upon the foregoing, it is hereby

ORDERED that plaintiff's Motion for Temporary Restraining

Order (Docket No. 3) is DENIED; and it is further

ORDERED that plaintiff's Motion to Seal File (Docket No.

4) is DENIED; and it is further

ORDERED that this action is dismissed pursuant to Section

1915(e)(2) for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>29th</u> day of <u>March</u>, 2004.

  <u>/s/ Mark L. Wolf                    </u>
MARK L. WOLF
UNITED STATES DISTRICT JUDGE